IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WENDY LEAKE, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:15-cv-475-O |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § |
| Defendant. | § |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation (ECF No. 16) in this case. The Magistrate Judge recommended that the Commissioner's decision be affirmed. R&R, ECF No. 13. Plaintiff filed objections. *See* Pl.'s Obj. R&R, ECF No. 17. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED** and Leake's objections are **OVERRULED**.

I.     BACKGROUND

This factual recitation is taken from the Report and Recommendation ("R&R") in this case. Leake filed her application for Disability Insurance Benefits and Supplemental Security Income on June 27, 2012, alleging disability beginning September 11, 2008. R&R 2, ECF No. 16. She then amended the onset date to September 30, 2011. *Id.* The Commissioner denied Leake's applications

1

on September 12, 2012, and then again on reconsideration in January 2013. *Id.* Leake received a hearing on September 18, 2013, but the administrative law judge ("ALJ") found that she was not disabled. *Id.*

Leake objects to the R&R on the following grounds: (1) that the ALJ's mental residual functional capacity ("RFC") findings are contradicted by the evidence of record and are not supported by substantial evidence; and (2) that the ALJ's physical RFC findings are contradicted by the evidence of record and are not supported by substantial evidence. Pl.'s Obj. R&R 1–4, ECF No. 17.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the

evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520(e).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

III. ANALYSIS

In this case, the ALJ followed the five- step evaluation process. SSA Admin. R. 15–27, ECF No. 12 [hereinafter Tr.]. The ALJ determined: (1) that Leake had not been engaged in gainful activity since September 30, 2011; (2) that she suffered from degenerative joint disease in bilateral knees, hips, and back, complex regional pain syndrome involving the left hand, obesity, hypertension, depression with psychotic features, and post-traumatic stress disorder; (3) that her impairments did not meet the severity of the listed impairments; (4) that she had RFC to perform light work; (5) that she has past relevant work experience; (6) that she was between 18 and 49 years old; (7) that she has a limited education and can communicate in English; (8) and that there are jobs in significant numbers that Leake could perform. *Id.*

In challenging the Commissioner's denial of her disability claims, Leake argues that both the mental and physical RFCs are contradicted by the record and unsupported by substantial evidence. Pl.'s Obj. R&R 1–4, ECF No. 17. The Court will now examine the mental and physical RFCs in turn.

    **A.**    **ALJ's Mental RFC Determination**

After reviewing the evidence, the Court finds that the ALJ's mental RFC findings are not contradicted by the evidence of record and are supported by substantial evidence. First, the ALJ relied on the medical records of Dr. Bleker showing that Leake could easily get along with others and that she had adequate immediate, short, and long-term memory. Tr. at 18. For the ALJ, these records helped him determine that Leake "experiences no more than moderate difficulties in social functioning," and that she "experiences no more than moderate difficulties with regard to concentration, persistence, or pace." *Id.* The ALJ's reliance on Dr. Bleker's records provides a foundation to find that the ALJ's RFC determination was based on substantial evidence.

4

This reliance is not undermined by the ALJ's rejection of Dr. Bleker's statement about Leake's ability to find gainful employment, despite what Leake argues. *Id.* at 24. As the ALJ said, "This is not an assessment of the claimant's functional capacity. Rather, it is a conclusory statement of disability." *Id.* And such conclusions about disability are left to the Commissioner to decide. *Greenspan*, 38 F.3d at 237.

Additionally, the ALJ relied on the reports from Dr. Ellis in the records from JPS Behavioral Clinic. Tr. at 24. Dr. Ellis's reports indicated that Leake "displayed good insight into her illness and good judgment concerning every day activities and social situations." *Id.* This further bolsters the evidence from Dr. Bleker's records and shows that the ALJ did have substantial evidence from which he could base his determinations of Leake's mental health RFC.

Although the ALJ noted some of Leake's past mental health issues, the overwhelming majority of the evidence does not support a contrary conclusion to the decision found by the ALJ in this case. The evidence discussed above supports the ALJ's findings, even considering other evidence to the contrary. Any evidence about Leake's mental health issues is outweighed by the evidence that the ALJ relied upon. *See id.* at 22–24. And when there is conflicting evidence in the record, "[t]he Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier*, 944 F.2d at 109.

For all the foregoing reasons, the Court finds that the ALJ's mental RFC findings are not contradicted by the evidence and that the RFC findings are supported by substantial evidence. Thus, the Court **OVERRULES** Leake's objection as to the mental RFC finding.

    B.    **ALJ's Physical RFC Determination**

Similarly, the Court also finds that the ALJ's physical RFC determination is not contradicted by the evidence and that the determination was supported by substantial evidence. Even though the ALJ rejected opinions about Leake's physical abilities from some of her examiners, the ALJ still had a basis to make his determination. And even when an ALJ alters a physician's assessment of a claimant's RFC, there can still be a finding of substantial evidence. *See Bentley v. Colvin*, No. 3:13-CV-4238-P, 2015 WL 5836029, at *10 (N.D. Tex. Sept. 30, 2015) (Solis, J.).

Here, the evidence supports this Court's finding of substantial evidence, despite the ALJ rejecting some of the medical examiners' opinions. First, the ALJ gave Dr. Etier's opinion on Leake's physical condition little weight because the opinion was vague and Dr. Etier did not include a "function by function" analysis. Tr. at 25. The ALJ also gave less weight to the report because it seemed to be largely based on Leake's allegations of pain, which the ALJ considered "to be less than credible." *Id.* Similarly, the ALJ doubted Dr. McCray's opinions about Leake's physical RFC, even though, according to the Magistrate Judge, "the ALJ's RFC assessment is entirely consistent with other opinions of Dr. McCrary." R&R at 15.

The ALJ determined that Leake "can frequently balance, and occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs." Tr. at 19. In his decision, the ALJ indicated that Leake could occasionally perform "household chores, leave the house daily, go grocery shopping" and look after her grandchildren. *Id.* at 18. Furthermore, Dr. Etier's report noted that Leake could bend over and touch her ankles. *Id.* at 22. Additionally, the ALJ took Leake's obesity into account in making his determination of her physical RFC, which, as the ALJ noted, some doctors had not considered. *See id.* at 22–23.

Accordingly, the Court finds that the ALJ's physical RFC determination is not contradicted by the evidence and that there is substantial evidence. Thus, Leake's objection to the ALJ's finding of her physical RFC are **OVERRULED**.

## IV. CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED**.

**SO ORDERED** on this **30th day** of **August, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE